UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KMP PLUMBING, | Case No.:  14cv2756 BTM (MDD) |
| Third Party Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| v. | |
| PLATT/WHITELAW ARCHITECTS, INC. and DECK ENGINEERING CONSULTANTS, INC., | |
| Third Party Defendants. | |

Third Party Plaintiff KMP Plumbing ("KMP") filed a Third Party Complaint on October 22, 2015, against Third Party Defendants Platt/Whitelaw Architects, Inc. ("Platt"), and Deck Engineering Consultants, Inc. ("DEC"). (ECF No. 50.) Platt and DEC each moved separately to dismiss. (ECF Nos. 53, 54.) For the reasons discussed below, Defendants' motions are **GRANTED**.

## I. BACKGROUND

The issues in this case arise out of damage to a property in San Diego allegedly caused by a hot water heater. (Compl. ¶ 11, ECF No. 1.) The original complaint was brought by Hartford Casualty Insurance Company against A.O.

Smith Corporation. (Compl. p. 1.) Following initial discovery, the Court granted the parties' joint motion for leave to file a Third Party Complaint for indemnity and contribution against KMP. (ECF Nos. 25, 28.) KMP in turn requested, and was granted, leave to file a Third Party Complaint against Platt and DEC. (ECF Nos. 45, 49.) Defendants filed separate motions to dismiss. (ECF Nos. 53, 54.)

## II. DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n] that the pleader is entitled to relief." Ashcroft v. Iqbal, 565 U.S. 662, 679 (2009) (internal quotation marks omitted). Only a complaint that states a plausible claim for relief will survive a motion to dismiss. Id.

While Defendants filed separate motions to dismiss, the motions each make the same arguments: that California law requires KMP to file a certificate of merit, and that KMP failed to plead facts sufficient to state a claim. Each argument is discussed in turn.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**A.   Certificate of Merit**

California Civil Procedure Code § 411.35 requires that a plaintiff's counsel alleging negligence on the part of an architect, engineer, or surveyor include a certificate of merit attesting that the attorney has consulted with and received an opinion of at least one professional, and subsequently determined from the opinion that the case is meritorious. See Cal. Civ. Proc. Code § 411.35(b)(1). Because KMP did not include a certificate of merit with the TPC, Defendants argue that such a deficiency requires dismissal.[1] KMP argues that the requirement is procedural and therefore not applicable in cases filed in federal court pursuant to diversity jurisdiction.

Defendants cite two cases from the Northern District of California for the proposition that the certificate requirement is procedural and therefore, under the Erie doctrine, does not apply to diversity cases. See Apex Directional Drilling, LLC v. SHN Consulting Eng'rs & Geologists, Inc., 119 F. Supp. 3d 1117 (N.D. Cal. 2015); Rafael Town Ctr. Investors v. Weitz Co., No. C 06-6633 SI, 2007 WL 1577886 (N.D. Cal. May 31, 2007). The Court finds these decisions persuasive.

Accordingly, for the reasons outlined by Judge Seeborg in Apex Drilling, 119 F. Supp. 3d at 1129-30, the merit certificate requirement is a rule of procedure that does not apply in this diversity case.

**B.   Factual Allegations**

KMP's Third Party Complaint ("TPC") contains an "Introductory Allegations" section that merely recites the procedural history of this case. (See TPC, ECF No. 50, ¶¶ 1-9.) In this section, KMP states that, "Hartford's purported damages were not caused by KMP's conduct but, instead, were caused, in whole or in part, by Platt and DEC's conduct and actions." (TPC ¶ 9.) In KMP's first cause of

---

[1] KMP subsequently filed a merit certificate with its opposition to Defendants' motions. Platt noted in its reply that the issue was moot, but DEC maintained that the merit certificate posed a substantive requirement necessary to state a claim.

action for implied indemnity, KMP again states that, "the damages, if any, . . . were directly and proximately caused, in whole or in part, by Platt and DEC." (TPC ¶ 11.) The remainder of the TPC reads the same. (See, e.g., TPC ¶¶ 13, 17.)

KMP has failed to allege facts sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. KMP has only stated through conclusory allegations that Platt and DEC's actions are responsible for Hartford's purported damages. Importantly, the TPC never states how Platt and DEC contributed to Hartford's damages. Therefore, dismissal is proper.[2]

### III. CONCLUSION

For the reasons discussed above, Defendants' motions to dismiss (ECF Nos. 53, 54) are **GRANTED**. The Court grants KMP leave to amend. KMP shall file a First Amended Third Party Complaint within fifteen (15) days of the filing of this Order.

**IT IS SO ORDERED.**

Dated:  August 2, 2016

_____
Barry Ted Moskowitz, Chief Judge
United States District Court

---

[2] Although the TPC states insufficient facts, KMP's opposition to Defendants' motions contains facts adequate to remedy the TPC's insufficiencies.

14cv2756 BTM (MDD)