UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KMP PLUMBING,<br><br>    Third Party Plaintiff,<br><br>v.<br><br>PLATT/WHITELAW ARCHITECTS, INC. and DECK ENGINEERING CONSULTANTS, INC.,<br><br>    Third Party Defendants. | Case No.:14-cv-2756-BTM-MDD<br><br>**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS** |

On August 12, 2016, Third Party Plaintiff KMP Plumbing ("KMP") filed a First Amended Third Party Complaint ("FATPC") against Third Party Defendants Platt/Whitelaw Architects, Inc. ("Platt") and Deck Engineering Consultants, Inc. ("DEC").  (ECF No. 87.)  Both Platt and DEC each moved separately to dismiss. (ECF Nos. 88, 89.)  For the reasons discussed below, Defendants' motions are **DENIED**.

## I. BACKGROUND

This case arises out of water damages to an office building in San Diego, allegedly caused by a water heater.  (FAC ¶ 11.)  The original complaint was brought by Plaintiff Hartford Casualty Insurance Company against A. O. Smith

Corporation, the manufacturer of the water heater, as a subrogation lawsuit. (Compl. at 1.) A.O. Smith was granted leave to file a Third Party Complaint for indemnity and contribution against KMP, the party responsible for installing the water heater. KMP subsequently requested, and was granted, leave to file a Third Party Complaint against Platt and DEC. On November 18, 2015 and December 7, 2015, Platt and DEC filed motions to dismiss, which the Court granted with leave to amend.

On August 12, 2016, KMP filed a FATPC alleging that Platt and DEC were responsible or participated in the selection of the subject residential water heater and related components that were installed in the office building. (FATPC ¶¶ 17–18.) KMP alleges that on or about September 26, 2006, Platt and DEC finalized the blueprint drawings for tenant improvements to the office building. (FATPC ¶ 8.) The blueprint sheets specified that an A.O. Smith, Model NO. GCVX-50, 50 gallon gas fired water heater should be installed and further documented the specific installation of the water heater and its components. (FATPC ¶ 9.) On or about December 7, 2006, KMP signed a subcontract agreement that included provisions that KMP install the plumbing equipment as specified in the Platt and DEC blueprints. (FATPC ¶ 10.) On or about February 11, 2014, the water heater installed at the office building leaked water and caused water damage. (FATPC ¶ 11.) KMP alleges that the damages were not caused by its conduct, but instead were caused, in whole or in part, by Platt's and Dec's actions. (FATPC ¶ 15.)

## II. DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a legal claim. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in the plaintiff's complaint are taken as true and

1  construed in the light most favorable to the plaintiff.  *Parks Sch. of Bus., Inc. v.
2  Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  In deciding a motion to dismiss,
3  a court may consider the facts alleged in the complaint, exhibits attached to the
4  complaint, and documents whose authenticity is not questioned and upon which
5  the plaintiff's complaint necessarily relies on, even if not physically attached to
6  the complaint.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

7        Although detailed factual allegations are not required, factual allegations
8  "must be enough to raise a right to relief above the speculative level."  *Bell*
9  *Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  "A plaintiff's obligation to prove
10 the 'grounds' of his 'entitle[ment] to relief' requires more than labels and
11 conclusions, and a formulaic recitation of the elements of a cause of action will
12 not do."  *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more
13 than the mere possibility of misconduct, the complaint has alleged - but it has not
14 show[n] that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 565 U.S. 662, 679
15 (2009) (internal quotation marks omitted).  Only a complaint that states a
16 plausible claim for relief will survive a motion to dismiss.  *Id.*

17 **A.   Platt's Matter of Law Argument**

18       Platt moves to dismiss KMP's FATPC as a matter of law because "it cannot
19 pass on its liability for its own fault to others . . . ."  (Platt's Motion to Dismiss
20 ("MTD") 6.)  In its reply, Platt appears to suggest that only A.O. Smith, as the
21 "direct defendant," can seek indemnity from Platt or DEC because it is exposed
22 to paying Hartford Insurance's entire damage claim.  (Platt's Reply 2–3, ECF No.
23 96.)  KMP, on the other hand, "is only exposed to an indemnity action for its own
24 percentage of fault."  (Platt's Reply 5.)

25       Equitable indemnity relates to the allocation of loss among multiple
26 tortfeasors.  *American Motorcycle Ass'n v. Superior Court*, 20 Cal.3d 578, 583
27 (1978).  Under the comparative equitable indemnity doctrine, plaintiffs no longer
28 have a unilateral right to determine which defendant or defendants should be

included in an action. *Evangelatos v. Superior Court*, 44 Cal.3d 1188, 1197 (1988). "[A] concurrent tortfeasor enjoys a common law right to obtain partial indemnification from other concurrent tortfeasors on a comparative fault basis . . . ." *American Motorcycle Ass'n*, 20 Cal.3d at 604. "The term 'joint tortfeasor' as used in the comparative equitable indemnity context does not mean the defendants were 'joined' as tortfeasors by the plaintiff; it is a broader term which includes joint, concurrent, and successive tortfeasors." *GEM Developers v. Hallcraft Homes of San Diego, Inc.*, 213 Cal. App. 3d 419, 431 (1989).

Under California law, whether a tortfeasor can seek equitable indemnity from a prospective indemnitor does not depend on *when* that party was procedurally joined, instead it depends on whether that party would be liable to the underlying plaintiff so as to qualify as a joint tortfeasor. *See GEM Developers*, 213 Cal. App. 3d at 431 ("Where the transaction rests upon related facts, either concurrent or successive, joint or several, which legally create a detriment compensable against multiple actors, the right of indemnity should follow . . . ."). Here, KMP states sufficient facts to allege that the actions of KMP, Platt and DEC, combined, created one indivisible injury so as to render them all joint tortfeasors. Therefore, Platt's motion to dismiss as a matter of law is **DENIED**.

B.   **Factual Allegations**

Both Platt and DEC argue that KMP fails to state sufficient facts to demonstrate a duty, breach, and causation in support of a negligence claim.

Under California law, a party seeking equitable indemnity must demonstrate that the proposed indemnitor would be liable as a tortfeasor to the underlying plaintiff. *GEM Developers*, 213 Cal. App. 3d at 429. "Generally, it is based on a duty owed to the underlying plaintiff . . . ." *BFGC Architects Planners, Inc. v. Forcum/Mackey Construction, Inc.*, 119 Cal. App. 4th 848, 852 (2004). Here, because KMP's claims for implied indemnity, declaratory relief, and

contribution are premised on Platt's and DEC's alleged negligence in selecting a residential water heater for commercial application, the Court must look to whether KMP has stated a plausible negligence claim.

To establish a prima facie case of negligence there must be a showing that: (1) the defendant owed the plaintiff a legal duty; (2) the defendant breached that duty; and (3) the breach was a proximate or legal cause of the injuries suffered by the plaintiff. *Mintz v. Blue Cross of Cal.*, 172 Cal. App. 4th 1594, 1609 (2009). A defendant's duty of care is a prerequisite to any claim for negligence. *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (1991). Unlike the factual issues of breach and causation, whether a defendant owes a plaintiff a duty of care is a question of law for a court to decide. *Cabral v. Ralphs Grocery Store Co.*, 51 Cal.4th 764, 771 (2011).

KMP has alleged that both Platt and DEC were charged with the selection of the residential water heater and related components that were installed in the office building. (FATPC ¶¶ 5, 7.) KMP further alleges that it installed the water heater in accordance with the specifications contained in the blueprints finalized by Platt and DEC. (FATPC ¶¶ 8–9.) KMP was contractually bound to install the plumbing equipment as already selected and specified in the Platt and DEC blueprints. (FATPC ¶ 10.) The water heater leaked water and caused damages to the office building. (FATPC ¶ 11.) As noted by KMP, at issue in the underlying case is whether the water heater was negligently and improperly selected and installed. Platt and DEC owed the underlying Plaintiff's insured, at the very least, a general duty of care. The Court can draw from the pleaded facts the reasonable inference that the selection of a residential water heater for an office building was allegedly negligent and caused, at least in part, the water damage. *Iqbal*, 556 U.S. at 679 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Based on the facts alleged, the Court finds that KMP has stated a plausible negligence claim and in turn plausible indemnity, declaratory relief and contribution claims.

### III. CONCLUSION

For the reasons discussed above, Platt and DEC's motions (ECF Nos. 88, 89) are **DENIED**.

**IT IS SO ORDERED.**

Dated: January 6, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court